# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

**NO. 03-06-00508-CR**
**NO. 03-06-00510-CR**

---

**Stephen Walker, Appellant**

**v.**

**The State of Texas, Appellee**

---

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT**
**NOS. 3030475 & D-1-DC-2005-300438, HONORABLE BOB PERKINS, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

Stephen Walker appeals two orders revoking community supervision. In a single point of error, appellant contends that the district court erred by admitting testimony from an unqualified witness regarding the results of a urinalysis. We overrule this contention and affirm the revocation orders.

The witness in question, a "substance abuse monitor" employed by the probation department, testified that he performed a "dip stick" test on a sample of appellant's urine. According to the witness, the test indicated the presence of the active ingredient in marihuana. Appellant objected to this testimony on the ground that the witness was unfamiliar with the scientific basis for the test. Although the trial court overruled the objection and permitted the witness to testify to the

test result, the court stated that "those results really could not be given any weight unless we had someone coming in to testify about them."

The court found that appellant violated the terms and conditions of his supervision by failing to pay various fees and costs, by failing to submit a urine specimen as directed by his probation officer, and by committing the subsequent offense of unlawfully operating a vehicle. The "dirty" urine test alleged in the motions to revoke was not a reason for the revocation. Any error in the admission of the challenged testimony regarding that test was, therefore, harmless. Tex. R. App. P. 44.2(b).

The orders revoking community supervision are affirmed.

_____

Bob Pemberton, Justice

Before Justices Patterson, Pemberton and Waldrop

Affirmed

Filed:   July 13, 2007

Do Not Publish

2